FILED
SUPERIOR COURT
OF GUAM

2025 APR 22 PM 4: 47

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSALINDA IGNACIO M. BURKHART,<br><br>Plaintiff,<br><br>vs.<br><br>ROLAND R. MIRANDA, RITA T. MIRANDA, GUAM HOUSING CORPORATION and UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendants. | CIVIL CASE NO. CV0492-09<br><br><br>DECISION AND ORDER GRANTING PLAINTIFF-INTERVENOR'S VOLUNTARY MOTION TO DISMISS |
| DEAL ESTATE, INC.<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>ROLAND R. MIRANDA, RITA T. MIRANDA, STEPHEN H. PEREZ PANGELINAN, AND AYUMU HOSODA PANGELINAN,<br><br>Defendants. | |

This matter came before the Honorable Dana A. Gutierrez on November 25, 2024 on a hearing on Plaintiff-Intervenor Deal Estate, Inc.'s ("Deal Estate's") Voluntary Motion to Dismiss its Complaint in Intervention Without Prejudice pursuant to Guam Rules of Civil Procedure Rule 41(a)(2) ("Motion to Dismiss Complaint in Intervention"), Attorney Anita P. Arriola representing Deal Estate, and Attorney Joshua D. Walsh representing Defendants Roland R. Miranda and Rita T.

Miranda (the "Mirandas").[1] Upon review of the arguments, pleadings and applicable Guam law, the Court hereby grants Deal Estate's Motion to Dismiss Complaint in Intervention.

## BACKGROUND

This Decision and Order adopts by reference the case background previously set forth in the Court's earlier decision filed on June 18, 2024. *See* Decision and Order Re Motion to Substitute, Motion to Dismiss, and Motion for Judgment on the Pleadings (June 18, 2024) (the "June 18, 2024 D&O").

In brief summary, this matter stems from a dispute between family members over the title to real property described as Lot Number 12, Block Number 2, Estate Number 12008, Suburban, Subdivision of Tract 85 in Piti, Guam (the "Property").

On March 20, 2009, Plaintiff Rosalinda I. Burkhart ("Burkhart") filed her Complaint ("Burkhart's Complaint") seeking in part, quiet title to the Property and to eject the Mirandas, who were living on the Property. The Mirandas filed their Answer to Burkhart's Complaint and Counterclaims ("Mirandas' Counterclaim") asserting constructive trust and reformation. The parties litigated the case up to the Guam Supreme Court. On February 8, 2013, the Guam Supreme Court issued an Opinion holding that the deed by which the Mirandas claimed title to the Property was void and remanded the matter for further proceedings. *See Burkhart v. Miranda*, 2013 Guam 2 ¶ 31. Additionally, the Guam Supreme Court held that "the effective start date for the running of any statute of limitations period shall be the date of [the] opinion." *Id.*

Nothing substantive occurred in the case after the Guam Supreme Court remanded the case for further proceedings until April 5, 2023 when Deal Estate, who purchased the Property on December 23, 2022, filed a Motion to Intervene. Both Burkhart and the Mirandas filed non-

---

[1] At the Motion hearing, Attorney Walsh notified the Court that Rita Miranda had passed away. Min. Entry at 11:26:14 AM (Nov. 25, 2024).

oppositions to Deal Estate's Motion to Intervene. Thus, with leave of Court, Deal Estate filed its Verified Complaint in Intervention against the Mirandas ("Complaint in Intervention") on June 27, 2023.[2] In it, Deal Estate alleges that it purchased and now owns the Property. Deal Estate prays for, *inter alia,* (1) Quiet Title to the Property; and (2) Declaratory Judgment that Deal Estate owns the Property free and clear of all liens, claims of interest, and encumbrances, in fee simple, and that it is a bona fide purchaser of the Property, for value. Compl. Intervention at 7.

On July 27, 2023, the Mirandas filed their Verified Answer to Deal Estate's Complaint ("Mirandas Answer"). In their answer, they asserted the following affirmative defenses: (1) Deal Estate is not a bona fide purchaser for value; (2) Mirandas hold equitable title to the Property pursuant to a deed they hold; (3) Deal Estate operated with unclean hands; (4) Deal Estate's claims are barred by the statute of frauds; (5) Deal Estate lacks the appropriate licenses to assert its claims; (6) Deal Estate's corporate form and operations are deficient and prevent it from asserting its claims; (7) Deal Estate's corporate form and operations are deficient and warrant piercing the corporate veil; (8) Deal Estate has failed to mitigate damages; (9) Deal Estate has waived its claims; and (10) damages may be barred by the doctrine of assumption of risk. *See* Mirandas Answer at 2-4.

In the following months, several other motions were filed to the Court. On June 18, 2024, the Court issued a Decision and Order ruling on three motions: (1) Burkhart's Motion to Substitute Party or in the Alternative Voluntary Dismissal of Original Plaintiff's Complaint and Summary Judgment

---

[2] Subsequent to the Guam Supreme Court's February 13, 2013 Opinion, the Property was conveyed three times. On March 25, 2016, Burkhart sold the Property and transferred title to Joseph A. Cruz. On April 22, 2019, Cruz sold the Property and transferred title to Stephen and Ayumu Pangelinan ("the Pangelinans"). On December 23, 2022, the Pangelinans sold the Property and transferred title to Deal Estate. In its Complaint in Intervention, Deal Estate also sued the Pangelinans for breach of contract. However, on July 24, 2024, pursuant to GRCP 41(a)(1), Deal Estate submitted a Notice of Voluntary Dismissal Without Prejudice Against Stephen and Ayumu Pangelinan. In it, Deal Estate states that the Pangelinans were never served with the Complaint in Intervention nor appeared in the matter through answer or other type of pleading or motion. Notice of Voluntary Dismissal at 2.

3

as to Counterclaim Against Original Plaintiff ("Motion to Substitute"); (2) Burkhart's Motion to Dismiss for Failure to Prosecute ("Burkhart's Motion to Dismiss"); and (3) Deal Estate's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Motion for Judgment on the Pleadings").

First, in the June 18, 2024 D&O, the Court dismissed the Mirandas' Counterclaim for failure to prosecute under Guam Rules of Civil Procedure ("GRCP") Rule 41(b) and 41(c). In doing so the Court based its decision on the following facts: (1) after the Guam Supreme Court Opinion was issued, the Mirandas failed to file any substantive filings for over a decade even though they were on notice that they were living at the Property without a valid deed; (2) the Mirandas failed to appear at any of the three status hearings that the Court held during those ten years; and (3) the Mirandas failed to demonstrate good cause for the delay in prosecuting their claims. *See* Decision and Order at 9-17 (June 18, 2024).

Next the Court also dismissed Burkhart's Complaint for failure to prosecute without prejudice for the same reasons. *See id.* at 18 ("Burkhart notes that any argument which favors dismissing the Mirandas' Counterclaim for failure to prosecute would apply equally to dismiss Burkhart's Complaint for failure to prosecute. Burkhart states her non-objection to a mutual dismissal of both her Complaint and the Mirandas' Counterclaim.")(citations excluded).[3]

Lastly, the Court considered Deal Estate's Motion for Judgment on the Pleadings as to its first and second causes of action—quiet title and declaratory judgment that Deal Estate owns the Property free and clear of all liens, claims of interest, and encumbrances, in fee simple, and that it is a bona fide purchaser of the Property, for value. Mot. J. Pleadings at 5. Deal Estate argued that "the Mirandas cannot as a matter of law assert any claims or defenses that would support their prayer for quiet title as their claims are barred by the statute of limitations." *Id.* Although the Mirandas' answer includes

---

[3] Because the Court dismissed Burkhart's Complaint and the Mirandas' Counterclaim, Burkhart's Motion to Substitute became moot. *See* Decision and Order at 18 (June 18, 2024).

affirmative defenses and a prayer for relief, the Mirandas had not brought a counterclaim against Deal Estate. *See generally* Answer to Deal Estate's Compl. Because the parties had not yet argued their positions regarding whether Deal Estate is a bona fide purchaser, the Court denied Deal Estate's Motion for Judgment on the Pleadings. Decision and Order at 19-21 (June 18, 2024).

Following the Court's Decision and Order, Burkhart, Deal Estate and the Mirandas stipulated to entry of a Partial Judgment on all claims between Burkhart and the Mirandas. Partial J. (July 29, 2024); *see* Pl. Intervenor Deal Estate's Non-Opp. (July 23, 2024); *see* Def. Miranda's Non-Opp. (July 23, 2024). On July 24, 2024, Deal Estate filed its Motion to Dismiss Complaint in Intervention. On August 21, 2024, the Mirandas filed their Opposition to Plaintiff Intervenor Deal Estate, Inc's Motion for Voluntary Dismissal of Complaint-in-Intervention Without Prejudice ("Opposition"). On September 4, 2024, Deal Estate filed its Plaintiff-Intervenor Deal Estate, Inc.'s Reply Memorandum in Support of Motion for Voluntary Dismissal of Complaint-In-Intervention Without Prejudice ("Reply").

At the November 25, 2024 hearing on Deal Estate's Motion to Dismiss Complaint in Intervention, after hearing the parties' arguments, the Court took the matter under advisement.

## DISCUSSION

Guam Rules of Civil Procedure Rule 41(a)(2) sets out procedures that enable a plaintiff to voluntarily dismiss an action where a defendant refuses to consent to dismissal and has filed an answer to the complaint. Guam R. Civ. P. 41(a)(2). In such instances, dismissal is only permitted "upon order of the court and upon such terms and conditions as the court deems proper." *Id.* Additionally, Rule 41(a)(2) provides:

> If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

5

GRCP 41(a)(2).

The Guam Supreme Court has not yet analyzed Rule 41(a)(2). However, Rule 41(a)(1) of the GRCP is modeled after its federal counterpart, and the Guam Supreme Court has relied on federal precedent when interpreting Rule 41(a)(1). Guam R. Civ. P. 41, SOURCE; *See Reyes v. First Net Ins. Co.*, 2009 Guam ¶ 17 (citing to federal case law to interpret the purpose of Rule 41(a)(1)). Without Guam precedent, this Court looks to federal interpretations of the analogous federal procedural rule for guidance. *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 25, n. 1 ("[F]ederal decisions construing rules from which our own are derived are persuasive authority.").

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the [Court's] sound discretion[.]" *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Thus, a court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* A defendant's "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not amount to a legal prejudice. *Id.* Courts have considered factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988); *See also Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc.*, 723 F.3d 82, 86 Fed. R. Serv. 3d 88 (1st Cir. 2013); *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948 (6th Cir. 2009). The Court

6

does not have to find all factors in favor of the moving party for dismissal to be appropriate. *Kovalic,* 855 F.2d at 474. "It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.*

### 1.    The Mirandas' Affirmative Defenses Do Not Operate as a Counterclaim

As stated previously, the Mirandas did not raise any counterclaims in their answer to Deal Estate's Complaint in Intervention. *See generally* Mirandas Answer. However, the Mirandas argue that affirmative defenses serve as a counterclaim in a quiet title action, and that therefore, their affirmative defenses raised serve as a counterclaim in the present matter. Opp. at 5. To support their proposition, the Mirandas cite to *Scott v. Sullivan,* 79 Colo. 173, 177, 244 P. 466, 468 (1926) and *Ogden v. Beverly,* No. 2011-CA-001227-MR, 2013 WL 5221576, at 4 (Ky. Ct. App. Oct. 4, 2013).

In *Scott,* the Colorado Supreme Court held that a plaintiff could not voluntarily dismiss a quiet title action to avoid an adverse judgment after the court determined that his deed was invalid. *Scott,* 79 Colo. at 177. While the defendant had not filed a formal counterclaim, he asserted title to the property in his answer based on a tax deed. *Id.* Although the Court found that the plaintiff's deed was void, the Court held that dismissal was inappropriate to prevent the court from recognizing the defendant's competing interest through a viable claim to title in his answer. *Id.*

As noted above, in *Scott,* the defendant held a legitimate competing claim to title via a valid tax deed. Here, the Mirandas assert no such interest. The Mirandas claim to title rests solely on a deed that the Guam Supreme Court has already declared void. *See Burkhart,* 2013 Guam 2 ¶ 31. Unlike the defendant in *Scott,* the Mirandas do not assert any valid claims to title.

Instead, they claim to "hold equitable title to the property at issue in this action, based on the contracted terms and deed conveyed by the predecessor in interest to the property conveying the property to them." Mirandas Answer at 2. The Mirandas' assertion fails on multiple grounds.

First, equitable title is merely a conditional, beneficial interest in property and does not grant

complete ownership of property. *See RC Royal Dev. & Realty Corp. v. Standard Pac. Corp.*, 177 Cal. App. 4th 1410, 1419 (2009); *see also Liberty Nat'l Enters., L.P. v. Chicago Title Ins. Co.*, 217 Cal. App. 4th 62, 81 (2013)("the general rule is that the holder of equitable title cannot maintain a quiet title action against the holder of legal title."); *see also Osborn v. Osborn*, 42 Cal.2d 358, 363 (1954)("At the time of the execution of the contract of sale, the grantee acquires an equitable title to the estate being sold; the grantor retains the legal title as security for the purchase price. The legal title passes to the grantee at the time of his completion of the conditions precedent . . . .").

Second, the Mirandas do not state a basis of how they acquired equitable title, or how equitable title can grant them full legal title. Furthermore, not only do the Mirandas fail to state a cause of action, the deed that the Mirandas based their equitable title on was deemed void. While the Court acknowledged that the void deed "may still be useful in ascertaining whether there was an agreement to transfer the property," it is the Mirandas' duty to argue and explain to the Court how the deed may represent an agreement, and how that would grant them equitable title to the property. *Burkhart v. Miranda*, 2013 Guam 2, ¶ 24; *RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp., Inc.*, 2023 Guam 8 ("In both trial and appellate courts, the development of an argument is a party's responsibility, not a judicial duty."). The Mirandas have failed to do so in the twelve years since the Guam Supreme Court's Opinion.

Additionally, whereas in *Scott* the Court prevented the plaintiff without a valid deed from exercising dismissal, in contrast, the Mirandas as defendants, did not initiate the case and have not articulated their claim to the property. Since they are not seeking affirmative relief and their deed has already been deemed invalid, there is no claim left for the court to resolve in their favor. Thus, the Mirandas cannot rely on *Scott* to assert that their affirmative defenses can operate as a counterclaim.

Next, the Mirandas argue that under *Ogden*, "where a defendant's answer denies a plaintiff's claim, alleges title and possession of the land . . . and also includes a general prayer for relief," courts

will treat affirmative defenses as a counterclaim for quieting title which "in turn triggers the court's duty to pass upon the issue of superiority of title as between the parties." Opp. at 5 (citing *Ogden*, 2013 WL 5221576 at 4). However, the Mirandas fail to include the rest of the holding in *Ogden* which states in full:

> Adverse possession is more than a defense; it would not only bar the remedy sought by the plaintiff in a quiet title dispute, but would also vest in the defendant an absolute title to the land. For this reason, where a defendant's answer denies a plaintiff's claim, alleges title and possession of the land (by virtue of adverse possession, for example), and also includes a general prayer for relief, Kentucky courts have treated what a defendant styles as an *"affirmative defense of adverse possession"* as, in effect, a counterclaim for quieting title based upon a theory of adverse possession.

*Ogden*, 2013 WL 5521576 at 3 (citations omitted).

When read in full, it is clear that the Court in *Ogden* does not stand for the propositions that all answers that allege title to land act as counterclaims. *See id.* Rather, affirmative defenses act as a counterclaim when they are not just defenses, but if established, would vest the defendant "absolute title to the land." *See id.*

Again, none of the Mirandas affirmative defenses can vest in them title to the Property. Accordingly, *Ogden* also cannot support the proposition that the Mirandas defenses act as a counterclaim. *See id.*

Unlike the defendants in *Scott* and *Ogden*, the Mirandas have not filed any affirmative defenses that can act as counterclaims, therefore, this Court has discretion to dismiss Deal Estate's Complaint in Intervention. *See* GRCP 41(a)(2); *Westlands Water Dist. v. United States*, 100 F.3d at 96.

### 2. The Mirandas Will Not Suffer Legal Prejudice Upon Dismissal of Deal Estate's Complaint-In-Intervention

The Court now turns to whether the Mirandas can "show that [they] will suffer some plain legal prejudice as a result" of dismissal of the complaint in intervention. *See Smith v. Lenches*, 263 F.3d at

975. In applying the four factors to evaluate legal prejudice[4]—(1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant—the Court finds that the Mirandas will not suffer legal prejudice upon dismissal of Deal Estate's Complaint in Intervention. *See id.*

### A.     Mirandas Effort and Expense of Preparation For Trial

The first factor is the defendant's effort and expense of preparation for trial. Deal Estate argues that the Mirandas have "made no effort or expense to prepare for trial." Mot. Dismiss Compl. Intervention at 6. The Court agrees.

Despite having ample opportunity to do so, it does not appear that the Mirandas have taken any steps, aside from opposing motions, to move the matter forward since Deal Estate first filed its Complaint in Intervention on June 27, 2023. Deal Estate states that although the Mirandas sent interrogatories and document requests, the Mirandas failed to respond to any of Deal Estate's interrogatories and first request for production of documents. *Id.* at 6-7. Therefore, it is unlikely that the Mirandas have expended great litigation expenses or efforts to defend against Deal Estate.

However, the Mirandas raise that Deal Estate is "seeking a dismissal without prejudice with an eye toward simply refiling an action for quiet title involving the same issues here," and that "[a] new civil action . . . will certainly prejudice the Mirandas, by restarting litigation and discovery, inviting new motions, and cutting off pathways within which the Mirandas can relate their claims regarding the property back to the original case brought against them." Opp. at 2, n. 1.

However, courts have held that legal prejudice means "something other than the necessity that

---

[4] Deal Estate also applies these four factors in arguing lack of legal prejudice. *See* Mot. Dismiss Compl. Intervention at 6.

defendant might face of defending another action." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). The case law is clear that "substantial prejudice to the defendant does not result from the mere possibility that a second lawsuit may be filed, but rather, the prejudice incurred must be *actual legal prejudice.*" *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D.W. Va. 2003). Further, neither "the expense and effort of drafting and responding to discovery" nor the loss of a tactical advantage constitute legal prejudice. *Kern*, 738 F.2d at 970.; *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014).

Although the Mirandas are correct that they would expend more costs and efforts should Deal Estate pursue another quiet title action, they have not demonstrated that such an action would impose an *actual legal* prejudice on them.

Additionally, the Mirandas' raise the issue of whether the relation back doctrine may be available to them.[5] The relation back doctrine in Guam is a principal in which "[a]n amendment of a pleading relates back to the date of the original pleading . . ." under certain circumstances. G.R.C.P. 15(c)(2). Relation back specifically only allows for amendments to the original pleadings. *Benavente v. Taitano*, 2006 Guam 15, ¶ 79 (Guam Oct. 27, 2006)("The first requirement for application of the relation-back doctrine is that "the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth in the *original pleading.*")(emphasis added).

The Court has already dismissed the original pleadings between the Mirandas and Burkhart. Notably, the Mirandas filed a non-opposition to dismissal of the case between them and Burkhart. *See* Def. Miranda's Non-Opp. (July 23, 2024). Here, it appears that the Mirandas would be relating back their affirmative defense to an "original pleading" that has been dismissed by this Court. Based on the current posture of this case, it is not clear that such an argument can be supported.

---

[5] The Mirandas only briefly raised the relation back doctrine in a footnote and did not substantiate their argument. *See* Opp. at 2, n.1.

Accordingly, the first factor favors dismissal.

### B.    Whether Deal Estate Caused Excessive Delay or Lacked Diligence

The next factor looks at whether there was excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action. Deal Estate joined the case by filing its Complaint in Intervention on June 27, 2023. On November 30, 2023, Burkhart filed her Motion to Dismiss, moving the Court to dismiss the Mirandas' Counterclaim for failure to prosecute. Just days later, on December 1, 2023, Deal Estate filed its Motion for Judgment on the Pleadings.

The Court dismissed the Mirandas' Counterclaim against Burkhart in its June 18, 2024 Decision and Order. A little over a month later, on July 24, 2024, Deal Estate filed its Motion to Dismiss Complaint in Intervention after the Court issued its Decision and Order. Since Deal Estate intervened into the present matter, it has filed quickly and without delay. Further, after the Mirandas propounded interrogatories and document requests, Deal Estate served objections and responses to the discovery requests on May 17, 2024. *See* Mot. Dismiss Comp. Intervention at 7. Therefore, Deal Estate has not caused excessive delay and demonstrated lack of diligence, and the second factor favors dismissal.[6]

### C.    Sufficient Explanation for Dismissal

The third factor considers whether Deal Estate provided a sufficient explanation for dismissal. Deal Estate alleges that its claims against the Mirandas are now moot because the Court held in its June 18, 2024 D&O that the Mirandas have no title or claim to the Property.[7] Mot. Dismiss Compl. Intervention at 5-6. Deal Estate argues, "[b]ecause the Court held definitively that the Mirandas have

---

[6] Additionally, the Mirandas did not argue that Deal Estate has caused excessive delay or demonstrated lack of diligence in their Opposition, or during the motion hearing on November 25, 2024.

[7] A claim is moot "when the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *In re Guardianship of Ulloa,* 2014 Guam 32 ¶ 25. A case can become moot "at any stage of litigation." *Id.* at ¶ 26.

no legally cognizable interest in the Property, there is no relief that the Court can grant to Deal Estate or the Mirandas in the complaint-in-intervention." *Id.*

The Court does not need to determine whether the claims are indeed moot. The Court only needs to evaluate whether "Plaintiff's explanation of the need for a dismissal . . . when considered with the other factors, is sufficient so as to warrant dismissal of this action." *Vosburgh*, 217 F.R.D. at 387.

Here, regardless of whether the matter is moot, the Court is unable to grant the Mirandas any form of relief as they have not alleged any legal claims to the Property. Therefore, the Mirandas will not suffer legal prejudice through the dismissal of the matter. *See id.* ("The Court finds that Plaintiff's explanation of the need for a dismissal is not legally sound. In any event, the Court finds that the third factor weighs in favor of dismissal, as the Court finds that Defendants will not suffer actual legal prejudice."). Accordingly, the third factor favors dismissal.

### D.     Whether the Mirandas Filed a Motion For Summary Judgment

The fourth factor considers whether the Mirandas filed for a motion for summary judgment. Courts favor dismissal when the matter is still in the early stages of litigation and where the defendant has not motioned for summary judgment. *See Vosburgh*, 217 F.R.D. at 387; *Mullen*, 770 F.3d at 728; *Kern*, 738 F.2d at 972.

Here, the Mirandas did not file a motion for summary judgment. Therefore, the fourth and last factor weighs towards dismissal.

Accordingly, all four factors weigh towards dismissal. For the following reasons, the Court dismisses Deal Estate's Complaint in Intervention without prejudice. *See* GRCP 41(a)(2).

### CONCLUSION

For the foregoing reasons, Deal Estate's Motion for Voluntary Dismissal of Complaint in Intervention is **GRANTED.** Thus, Deal Estate's Complaint-in-Intervention is **DISMISSED without**

prejudice.

        SO ORDERED:    APR 2 2 2025

                                **HONORABLE DANA A. GUTIERREZ**
                                **Judge, Superior Court of Guam**

14